# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN, | CASE NO. 1:10-cv-01940-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING REQUEST FOR INJUNCTIVE RELIEF |
| v. | |
| JAMES A. YATES, et al., | (Doc. 12) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Procedural History

Plaintiff Kajauna K. Irvin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). Plaintiff originally filed the action in the Fresno County Superior Court as case No. 10 CECG 03023 on August 30, 2010. Defendants removed this action on October 14, 2010. (Doc. 2). On November 3, 2010, Plaintiff filed the first amended complaint. (Doc. 5). Plaintiff's claims arise from events that occurred while Plaintiff was at Pleasant State Valley Prison at Coalinga, California. (Doc. 5). Plaintiff is currently housed at the Richard J. Donovan Correctional Facility, in San Diego, California. (Docs. 19, 20). On December 28, 2010, Plaintiff filed a motion for injunctive relief to obtain certain religious accommodations. (Doc. 12).

## II. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of

right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "[T]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985). The claims in this action arise from Plaintiff's past conditions of confinement at Pleasant Valley State Prison in Coalinga and the court does not have jurisdiction in this action over prison officials at the Richard J. Donovan Correctional Facility, in San Diego, California. Thus, the court cannot issue an order remedying Plaintiff's past conditions of confinement. *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

### III. <u>Conclusion and Reccomendations</u>

Therefore, the court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed December 28, 2011, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   July 30, 2011

UNITED STATES MAGISTRATE JUDGE