UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A YATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01940-AWI-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>[ECF No. 44]<br><br>THIRTY DAY DEADLINE |

　　　　Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The case was removed from state court on October 14, 2010.

　　　　On May 9, 2013, the Court screened Plaintiff's first amended complaint and found certain claims cognizable and other claims not cognizable.  Plaintiff was given the opportunity to file a second amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable.

　　　　Now pending before the Court is Plaintiff's second amended complaint, filed August 26, 2013.  For the reasons explained below, the complaint must be dismissed in its entirety.  The Court will grant Plaintiff the opportunity to further amend the complaint to cure the deficiencies set forth herein.

///

///

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## PLAINTIFF'S COMPLAINT

Plaintiff names approximately twenty Defendants, along with twenty-five Doe Defendants in the second amended complaint. Plaintiff alleges that he is a sincere believer in the religion of Islam and actively participates in all religious activities by Islamic law and consistent with his confinement.

Plaintiff brings claims under the First Amendment (free exercise of religion) and Fourteenth Amendment (equal protection) of the United States Constitution. Plaintiff also contends that the Defendants violated RLUIPA.

## III.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8(a), 18 and 20

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions

as his original claim.  Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

The complaint fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as it contains a myriad of extraneous facts.  Plaintiff's second amended complaint is 86 pages long and contains 294 paragraphs of factual and legal details.  Indeed, Plaintiff first amended complaint was 27 pages long, and the Court found that Plaintiff stated some cognizable claims for relief.  The function of the complaint is not to list every single fact relating to Plaintiff's claims.   Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims.  It is Plaintiff's job, not the Courts, to state a claim for each defendant.

Plaintiff's lengthy narrative in the second amended complaint does not succinctly allege facts against the named defendants.  Plaintiff will be granted leave to file a third amended complaint that complies with Rule 8(a).  The Court finds that 25 pages, excluding exhibits, is sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.  Accordingly, the third amended complaint may not exceed 25 pages in length and it must comply with Rules 8, 18, and 20.  It will be stricken from the record if it violates this page limitation.   In the paragraphs that follow the Court will again provide Plaintiff is the necessary legal standards for the claims upon which he is attempting to proceed.

**B.     First Amendment Claims**

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof ...."  U.S. Const., amend. I. "Inmates clearly retain protections afforded by the First Amendment ... including its directive that no law shall prohibit the free exercise of religion".  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz v. Beto, 405 U.S. 319 (1972)).  In order to merit protection under the Free Exercise Clause, a plaintiff must demonstrate that his/her belief is sincerely held and that his/her claim is rooted in religious belief.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). A prison regulation that limits an inmate's right to free exercise of religion is valid if it is reasonably related to legitimate penological interests. Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). The Court must examine four factors when determining whether a prison regulation is reasonably related to legitimate penological interests: (1) whether there is a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the asserted constitutional right will impact guards and other inmates, and on the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives. Id. (quoting Turner, 482 U.S. at 89-90).

### C. Fourteenth Amendment Claims

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). If the classification at issue burdens a "suspect class," the Court "must apply strict scrutiny and ask whether the statute is narrowly tailored to serve a compelling governmental interest." Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001). Religion is a suspect class. Id.

### D. RLUIPA Claims

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. In order to state a claim for violation of RLUIPA, a plaintiff must demonstrating that the defendants substantially burdened the exercise of his/her religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If the plaintiff meets that burden, the

defendants must demonstrate that "any substantial burden of the plaintiff's exercise of his/her religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id. Under RLUIPA, "religious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); Greene v. Solano County Jail, 513 F.3d 982, 986 (9th Cir. 2008). "In fact, RLUIPA 'bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion.'" Id. (quoting Cutter v. Wilkinson, 544 U.S. 709, 725 n.13 (2005)).

## IV.

## CONCLUSION AND ORDER

The Court finds that Plaintiff's second amended complaint violates Rule 8(a) and must be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with the opportunity to file a third amended complaint curing the deficiencies outlined above. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

The amended complaint should be brief, Fed. R. Civ. P 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676-677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-677. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

As discussed above, 25 pages is sufficient for Plaintiff to identify his claim s and set forth specific facts in support of those claims. Accordingly, Plaintiff's third amended complaint may not exceed 25 pages in length and it will be stricken from the record if it violates this page limitation.

Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed.

IT IS SO ORDERED.

Dated: **January 8, 2014**

UNITED STATES MAGISTRATE JUDGE