# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants. | Case No.  1:10-cv-01940-AWI-SAB<br><br>ORDER STRIKING THIRD AMENDED COMPLAINT<br><br>ECF NO. 48 |

Plaintiff Kajauna Kenyatta Irvin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  This case was removed from state court on October 14, 2010.  (ECF No. 1.)  This action proceeds on the Third Amended Complaint filed on February 10, 2014. (ECF No. 48.)

On January 8, 2014, the Court dismissed Plaintiff's Second Amended Complaint and granted leave to file a Third Amended Complaint.  (ECF No. 47.)  However, in so doing, the Court imposed a 25 page limit for the Third Amended Complaint (excluding exhibits) and informed Plaintiff that the Third Amended Complaint will be stricken from the record if it violates this page limitation.  (Order Dismissing Second Amended Complaint With Leave to Amend 4:14-17.)  Plaintiff's Third Amended Complaint is 32 pages long (excluding the proof of service page).  Accordingly, the Court will strike the Third Amended Complaint.

1

     Moreover, the Court notes that Plaintiff's Third Amended Complaint does not contain a "short and plain" statement of his claims.  Plaintiff names 19 defendants along with 25 additional "Doe" defendants.  Plaintiff's complaint is formatted as a vague and disorganized narrative of incidents related to the religious accommodations at PVSP.  The incidents are not presented in chronological order nor are they presented in any other logical organizational format.  Plaintiff provides exhaustive and unnecessary details as to some aspects of his claims while omitting important details such as identifying precisely what each defendant did that cause or contributed to the deprivations alleged in the complaint.  For example, Plaintiff alleges, in conclusory fashion, that several defendants denied access to the chapel to Muslim inmates, but only identifies specific actions for some of those defendants.  Plaintiff alleges that PVSP officials provided "Religious Meal Alternative" dietary options to Muslim inmates, but does not identify how those options were deficient in any way or identify the precise roles that each individual defendant had in implementing the Religious Meal Alternative diet.  Plaintiff alleges that several defendants did not take steps to hire a Muslim chaplain, yet does not allege any facts that show that these defendants had a role in finding and hiring a Muslim chaplain or otherwise had any involvement in the process.

     The Court will provide Plaintiff with one final opportunity to amend his complaint.  Plaintiff's Fourth Amended Complaint must be 25 pages or less and any further violation of this page limitation will result in dismissal of this action.  Moreover, the Fourth Amended Complaint must be organized in a coherent matter and must include allegations specific to each individual defendant describing what that individual defendant did that violated Plaintiff's rights.  For example, conclusory allegations that certain defendants denied chapel access to Plaintiff must be accompanied by allegations that describe exactly what each defendant did that resulted in the denial of chapel access to Plaintiff.  Similarly, Plaintiff must allege facts specific to each individual defendant that describe the actions that defendant took that caused or contributed to the denial of dietary accommodations, the denial religious artifacts, or the failure to hire a Muslim chaplain.  For organizational clarity, the Court recommends that Plaintiff divide his complaint into three sections for each type of deprivation alleged (denial of chapel access, denial

of dietary accommodations, and denial of religious artifacts/packages) and within each section, include one separate subsection for each named defendant describing what that defendant did that caused or contributed to the deprivation alleged.  The organizational layout of Plaintiff's currently complaint makes it unduly difficult to ascertan what each defendant is accused of doing.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint is STRICKEN (ECF No. 48);
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Fourth Amended Complaint; and
4. If Plaintiff fails to file a Fourth Amended Complaint or if Plaintiff attempts to file a Fourth Amended Complaint that exceeds 25 pages in length, this action will be dismissed.

IT IS SO ORDERED.

Dated:   **February 27, 2014**

UNITED STATES MAGISTRATE JUDGE