UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A YATES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-01940-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR INITATION OF SERVICE OF PROCESS<br><br>[ECF Nos. 50, 51, 53] |

　　　　Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case was removed from state court on October 14, 2010.

　　　　On March 27, 2014, Plaintiff filed a fourth amended complaint. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 10, 2014, the Magistrate Judge screened the fourth amended complaint pursuant to 28 U.S.C. § 1915A, and recommended that the action proceed on Plaintiff's First Amendment claim against Defendants McGee, Allen, Bennett, Huckabay, Myers, McBride, Laniz, Cate, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, and Does 1-25, a cognizable claim under RLUIPA against Defendants McGee, Allen, Bennett, Huckabay, Myers, McBride, Laniz, Cate, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, Farkas, Guthery, and Does 1-25, and a cognizable equal protection claim against Defendant McGee. The Findings and Recommendation contained

notice to Plaintiff that objections were to filed within thirty days.  Plaintiff filed objections on August 11, 2014.

In his objections, Plaintiff contends that the Magistrate Judge failed to recognize that he stated a cognizable First Amendment and RLUIPA claim against Defendants Sobee, for denial of chapel access, and against Defendants Cate and Giurbino for denial of religious dietary foods.  A liberal construction and review of Plaintiff's fourth amended complaint reveals that Plaintiff states a potential claim against Defendant Sobee for denial of chapel access and against Defendants Cate and Giurbino for denial of religious dietary foods under the First Amendment and the RLUIPA, and the action shall proceed against these defendants as well as those outlined above and in the Findings and Recommendation.  The Court does not agree with Plaintiff's contention that his complaint sets forth a cognizable equal protection claim against any other Defendant beside Defendant McGee.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on July 10, 2014, are adopted in full, as modified herein;

2. The action shall proceed on Plaintiff's Plaintiff's First Amendment claim against Defendants Cate, Giurbino, Sobee, McGee, Allen, Bennett, Huckabay, Myers, McBride, Laniz, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, and Does 1-25, a cognizable claim under RLUIPA against Defendants McGee, Allen, Bennett, Huckabay, Myers, McBride, Laniz, Cate, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, Farkas, Guthery, and Does 1-25, and a cognizable equal protection claim against Defendant McGee;

3. All other claims and defendants are dismissed from the action for failure to state a cognizable claim for relief; and

4.  The matter is referred back to the Magistrate Judge for initiation of service of process.

IT IS SO ORDERED.

Dated:   October 23, 2014

SENIOR DISTRICT JUDGE