UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A YATES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-01940-AWI-SAB (PC)<br><br>ORDER FINDING SERVICE OF FOURTH AMENDED COMPLAINT APPROPRIATE, AND FORWARDING PLAINTIFF THE NECESSARY SERVICE OF PROCESS FORMS<br><br>[ECF Nos. 50, 51, 54] |

　　　　Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case was removed from state court on October 14, 2010.

　　　　On October 23, 2014, the Court determined this action shall proceed on Plaintiff's Plaintiff's First Amendment claim against Defendants Cate, Giurbino, Sobee, McGee, Allen, Bennett, Huckabay, Myers, McBride, Laniz, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, and Does 1-25, a cognizable claim under RLUIPA against Defendants McGee, Allen, Bennett, Huckabay, Myers, McBride, Laniz, Cate, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, Farkas, Guthery, and Does 1-25, and a cognizable equal protection claim against Defendant McGee. (ECF No. 54.) All other claims and defendants were dismissed from the action. (Id.)

///

///

In a separate order, the Court has directed Defendants Yates, Allen, Bennett, Brazelton, Lantz, McBride, McGee, Myers, and Nash (who have already made an appearance in this action) to file a response to Plaintiff's fourth amended complaint within thirty days.

Plaintiff is not proceeding in forma pauperis and is therefore responsible for serving Defendants C. Sobee, J. Giurbino, A. Walker, M.C. Davis, A. Shimmin, R.H. Trimble, Matthew L. Cate, D. Huckabay, R. Fisher, Bonnie Farkas, and Ernest Guthery in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof thereof with the Court within one-hundred twenty days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

### A.     Waiver of Service

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the third amended complaint, and (4) a copy of this order. The documents must be addressed directly to each Defendant (not the Attorney General's Office or any other governmental entity), and the documents must be sent by first-class mail or other reliable means. Id. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty days to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff does not need to do anything further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

### B.     Personal Service

Plaintiff must effect personal service on any Defendants whom Plaintiff does not request to waive service and on any Defendants who are requested to waive service but fail to return the Waiver of Service of Summons form to Plaintiff. In either situation, the summons, a copy of the third amended complaint, and a copy of this order must be personally served on each Defendant (not the Attorney General's Office or any other governmental entity). Plaintiff may not effect personal service

2

himself. Fed. R. Civ. P. 4(c)(2).  <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>.  <u>Id.</u>  Plaintiff should review Rule 4(e), provided with this order, as it more fully addresses how personal service is affected.

**C.   Doe Defendants**

Plaintiff cannot initiate service of process on unknown defendants.  Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. <u>Crowley v. Bannister</u>, 734 F.3d 967, 978 (9th Cir. 2013) (quoting <u>Gillespie v. Civiletti</u>, 629 E.2d 637, 642 (9th Cir. 1980)).  Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.  Therefore, the court will send plaintiff the appropriate service documents at such time that Plaintiff ascertains the identities of the Doe defendants.  However, if Plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The Clerk of Court shall issue and send Plaintiff eleven summonses, and shall send Plaintiff one copy of the following documents:

    a) Fourth Amended Complaint filed March 27, 2014;

    b) "Notice of Lawsuit and Request for Waiver of Service of Summons;"

    c) "Waiver of Service;" and

    d) Rule 4 of the Federal Rules of Civil Procedure;

2. Plaintiff shall complete service of process on Defendants within **one-hundred twenty (120) days** from the date of service of this order; and

///
///
///
///

3. Unless good cause is shown, Plaintiff's failure to complete service of process on Defendants and to file proof thereof with the Court within one-hundred twenty days will result in dismissal of this action.

IT IS SO ORDERED.

Dated: __**October 28, 2014**__

UNITED STATES MAGISTRATE JUDGE