UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A YATES, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01940-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT LANTZ'S MOTION TO DISMISS<br><br>[ECF No. 65] |

Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case was removed from state court on October 14, 2010.

**I.**

**PROCEDURAL BACKGROUND**

On October 14, 2010, Defendants Brazelton, Bennett, Nash, Lantz, Myers, Allen, McGee, Yates and McBride removed this action from the State Superior Court to this Court. (ECF No. 2.) Thereafter, Defendant Lantz died, and on December 7, 2010, Defendants filed a Statement of Fact of Death under Rule 25(a). (ECF No. 10.) On August 22, 2012, Plaintiff filed a motion for substitution of party, seeking to substitute a successor or representative as to Lantz. (ECF No. 36.)

On May 9, 2013, the Court denied Plaintiff's motion for substitution of party. (ECF No. 40.) The motion was denied as moot in the Court's screening order because Plaintiff failed to state any

1

cognizable claims against Lantz.[1]  (Id.)  Plaintiff subsequently filed a fourth amended complaint in which Plaintiff named the "Estate of Seth Lantz" as a Defendant.  (ECF No. 50.)  Thereafter, the Court found that Plaintiff stated a cognizable claim against Defendant Lantz, and Lantz was ordered to file a response to the complaint.  (ECF Nos. 51, 54.)

Pending before the Court is Defendant Lantz's motion to dismiss, filed December 30, 2014.  After receiving three extensions of time, Plaintiff filed an opposition on April 27, 2015, with supporting evidence on April 30, 2015.  (ECF Nos. 91, 92.)  Defendant filed a reply on May 4, 2015.  (ECF No. 93.)   Pursuant to Rule 230(*l*), the motion is deemed submitted to the Court.

## II.

## DISCUSSION

### A. Service of the Statement Noting Death

Federal Rule of Civil Procedure 25(a)(1) provides that if a party dies and the claim is not extinguished, the Court may order substitution of the proper party on motion of any party.  However, if the motion is not made within ninety days after service of a statement noting the death, the action by or against the decedent must be dismissed.  Fed. R. Civ. P. 25(a)(1).

In this instance, Plaintiff's motion to substitute was filed more than eight months after Defendants filed the Statement of Death as to Defendant Lantz.  Defendant Lantz was entitled to dismissal as of March 7, 2011, ninety days after his Statement of Fact of Death was filed.  However, the motion for substitution was denied as moot, and Plaintiff subsequently amended the complaint and service proceeded as to Defendant Lantz.

Because a claim was found cognizable against Defendant Lantz and service was ordered on him individually, the Court must address the viability of the claim against Lantz.  Plaintiff argues that Defendants failed to properly serve the Statement of Fact of Death because it was not served on Lantz' successors or representatives.  Plaintiff is mistaken.  First, there is no requirement that Defendants serve Lantz' Statement of Fact of Death (prior to finding a cognizable claim), and even if there was a requirement to serve the statement of death of death on a successor or representative of Lantz, only

---

[1] Defendant Lantz was previously identified as Defendant "Laniz" based on the representation of the spelling as set forth in the fourth amended complaint.  It was subsequently clarified that the true spelling is Lantz.

that person, not Plaintiff, would have standing to raise an objection for failure to be served. Indeed, it is Plaintiff's obligation, if he wishes to pursue his claims against an estate or successor to Lantz, to identify and locate any such entity or representative.

In general, the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 592 (1978). In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). Accordingly, the Court may order substitution of a "proper party" to stand in the place of the deceased plaintiff. Fed. R. Civ. P. 25(a)(1); Sinito v. U.S. Dep't of Justice, 1176 F.3d 512, 516 (D.C. Cir. 1999).

Rule 25(a)(1) requires evidence of the decedent's successor in interest of legal representative. See Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996) (applying Rule 25(a)(1) to the legal representatives of the deceased's estate). In the interest of justice, the Court will grant Plaintiff the opportunity to renew his motion for substitution. Nevertheless, the instant motion to dismiss should be granted, and Defendant Lantz shall be dismissed, without prejudice to Plaintiff bringing the substitution motion by way of adding an appropriate successor or estate of Lantz as a Defendant. Defendant Lantz is deceased, and the individual claim against him which the Court found to be cognizable no longer exists. Thus, the Court has not authorized service of the summons and complaint on any estate or successor representative, and no such person or entity has been served.

### B.  Automatic Substitution Under Rule 25(d)

Plaintiff contends that a successor party substitution for Lantz should have occurred automatically under Rule 25(d). Plaintiff is incorrect.

Rule 25(d) provides that an action does not abate when a public officer party dies; rather, the officer's successor is automatically substituted as a party. In the present case, however, there is no issue of abatement of this action because of Lantz's death.

The nature of Lantz' involvement in this action and the allegations against him relate to his individual conduct as a correctional officer, rather than to any action he took while acting in the role of a representative public officer. Thus, there is no basis for automatic substitution as set forth in Rule

25(d). As stated above, it is Plaintiff's responsibility to identify and locate any such entity or representative for Lantz.

### C. Plaintiff's Additional Arguments

In his opposition, Plaintiff contends that California law provides for survivorship of causes of action against deceased parties via the decedent's estate representative. Plaintiff's contention is irrelevant to the present motion to dismiss because it is premature. This issue can only be determined if and when Plaintiff files a proper motion for substitution.

Plaintiff further argues that his failure to timely file a motion for substitution as to Lantz should be excused based on his "mistake or inadvertence" under Rule 60. Because the Court is granting Plaintiff the ability to renew a motion for substitution this issue is moot.

## III.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Lantz's motion to dismiss be GRANTED;
2. Defendant Lantz be DISMISSED from the action, without prejudice; and
3. Within ninety (90) days following the resolution of the instant recommendation, Plaintiff be granted the ability to renew a motion for substitution as to Defendant Lantz.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

//
//
//
//
//

4

may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2015**

UNITED STATES MAGISTRATE JUDGE