UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A YATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01940-AWI-SAB (PC)<br><br>ORDRE GRANTING DEFENDANTS' REQUEST TO EXTEND THE DISPOSITIVE MOTION DEADLINE, DENYING PLAINTIFF'S MOTION FOR MODIFICATION OF THE DISCOVERY DEADLINE WITHOUT PREJUDICE, AND GRANTING PLAINTIFF FORTY-FIVE DAYS TO FILE A RULE 25 MOTION<br><br>[ECF Nos. 121, 124] |

Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case was removed from state court on October 14, 2010.

On October 29, 2015, Plaintiff filed a motion to re-open discovery to allow Plaintiff to oppose Defendants' anticipated motion for summary judgment. (ECF No. 121.)

On November 6, 2015, Defendants filed a motion for modification of the dispositive motion deadline. (ECF No. 124.) Defendants request the Court deny Plaintiff's motion to re-open discovery without prejudice. (Id.)

**I.**

**DISCUSSION**

This action is proceeding on Plaintiff's First Amendment claim against Defendants Cate, Giurbino, Sobee, McGee, Allen, Bennett, Huckabay, Myers, McBride, Yates, Trimble, Fisher,

Brazelton, Nash, Shimmin, Davis, Walker, and Does 1-25, a cognizable claim under RLUIPA against Defendants McGee, Allen, Bennett, Huckabay, Myers, McBride, Cate, Yates, Trimble, Fisher, Brazelton, Nash, Shimmin, Davis, Walker, Farkas, Guthery, and Does 1-25, and an equal protection claim against Defendant McGee.[1]

On December 30, 2014, Defendants Allen, Brazelton, McBride, McGee, Myers, Nash, and James filed an answer to the complaint.  (ECF No. 64.)  On February 12, 2015, Defendant Bennett filed an answer to the complaint.  (ECF No. 76.)  On February 8, 2015, Defendants Farkas, Shimmin, Fisher, Walker, Sobee, Huckabay, and Trimble filed an answer to the complaint.  (ECF No. 96.)

Defendants Cate, Giurbino and Davis filed a motion to dismiss which is presently pending before the Court.  (ECF No. 89.)

**A.    Defendants' Motion to Modify the Dispositive Motion Deadline**

Pursuant to the Court's January 5, 2015, discovery and scheduling order, which was extended to all answering defendants, discovery closed on September 5, 2015, and the dispositive motion is November 16, 2015.  (ECF No. 68.)  Defendants request the Court modify the scheduling order to extend the dispositive motion deadline.  Defense counsel submits that "[o]rdinarily it is Defendants' counsel practice in this type of pro se prisoner civil rights action to prepare and file a motion for summary judgment after discovery closes and before the dispositive motion filing deadline."  (ECF No. 124, Motion at 5:4-6.)  However, since three of the Defendants presently have a motion to dismiss pending, defense counsel seeks to file a single motion for summary judgment if the motion to dismiss is denied.

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the

---

[1] Defendant Lantz was dismissed from the action.  (ECF No. 105.)

2

requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Good cause having been presented to the Court, it is HEREBY ORDERED that the deadline to file a dispositive motion is extended to **thirty (30)** days from the date of the final ruling on the pending motion to dismiss.

### B.    Plaintiff's Motion to Re-Open Discovery

As previously stated, the discovery deadline in this action expired on September 5, 2015.  By way of motion filed on October 29, 2015, Plaintiff seeks to re-open discovery to allow him to conduct discovery to oppose Defendants' motion for summary judgment.

Under Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmoving party shows that, for specified reasons, he cannot present facts essential to justify his opposition to a summary judgment motion, then the Court may, among other things, allow him time to conduct discovery.  Pursuant to Local Rule 260(b), if the need for discovery is asserted as a basis for denial of the motion for summary judgment, the party opposing the motion shall provide a specification of the particular facts on which discovery is necessary.

Plaintiff's seeks discovery to locate and serve the estate of Defendant Lantz, to serve Defendant Guthery, and to oppose a motion for summary judgment.

On July 24, 2015, the Court dismissed Defendant Lantz, without prejudice, and Plaintiff was granted ninety days from the date of service to file a proper motion for substitution under Rule 25 of the Federal Rules of Civil Procedure.  (ECF No. 105.)  Plaintiff now appears to seek an extension of the deadline to submit a motion under Rule 25.  On the basis of good cause, the Court will extend this deadline by forty-five (45) days.

///

///

With regard to Defendant Guthery, the Court issued a second order directing re-service by the United States marshal on November 10, 2015. (ECF No. 125.) Accordingly, no extension of time is presently necessary to serve Defendant Guthery.

With regard to Plaintiff's request to oppose a future motion for summary judgment filed by Defendants, Plaintiff has not identified what particular facts for which he needs further discovery, nor has he filed the proposed discovery requests in support of his motion. Plaintiff cannot seek an extension of the discovery deadline to oppose a motion for summary judgment unless and until he demonstrates good cause for a particular need of information to oppose such motion. Accordingly, Plaintiff's request to re-open discovery shall be denied without prejudice.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to extend the dispositive motion is GRANTED to thirty (30) days following a final ruling on the pending motion to dismiss;

2. Plaintiff's motion to re-open discovery is DENIED, without prejudice; and

3. Plaintiff is granted an extension of forty-five (45) days from the date of service of this order to file a motion under Rule 25 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **November 16, 2015**

UNITED STATES MAGISTRATE JUDGE