# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAUNA KENYATTA IRVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A YATES, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01940-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR POSTPONEMENT OF HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING THAT OPPOSITION, IF ANY, BE FILED BY JANUARY 6, 2017<br><br>[ECF No. 156] |

    Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case was removed from state court on October 14, 2010.

    On November 4, 2016, Plaintiff filed an ex parte motion for postponement of hearing on Defendants' pending motion for summary judgment. Defendants filed an opposition on November 15, 2016, and Plaintiff did not file a reply. Therefore, the motion is deemed submitted for review. Local Rule 230(l). For the reasons explained below, Plaintiff's motion must be denied.

    As an initial matter, Plaintiff is advised that Defendants moved for summary judgment under Local Rule 230(l), which deems all motions submitted on the record without oral argument, unless otherwise ordered by the Court. Because the Court has not ordered oral argument on Defendants' motion, the motion will be heard on the record only.

    Second, since the filing of Defendants' motion on May 3, 2016, Plaintiff has received three thirty-day extensions of time to oppose the motion, the last granted on September 14, 2016. (ECF Nos. 145, 148, 154.) In the instant motion, Plaintiff requests "an emergency temporary postponement," to obtain public records from the California Department of Corrections and

Rehabilitation that he claims are needed to oppose to Defendants' motion for summary judgment. Plaintiff contends that he has been unable to obtain documentation that is stored at Salinas Valley State Prison Receiving and Releasing (R&R), and therefore cannot adequately prepare an opposition. Plaintiff's motion for postponement of ruling on Defendants' motion for summary judgment must be denied. Plaintiff fails to specify the exact documents he is requesting, fails to explain in specific terms how such documents are necessary to oppose the motion for summary judgment, and fails to provide adequate justification as to why he could not have obtained the records earlier with the exercise of due diligence. Plaintiff's motion is couched in conclusory fashion, devoid of specific factual circumstances to support his claims, particularly given that Plaintiff has previously received three thirty days extensions of time. Thus, Plaintiff has failed to demonstrate with sufficient factual detail extraordinary circumstances, given the prior grant of three extensions of time, that prevent him from complying with the Court's previous deadlines. Cf. Efau v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while a court's discretion in extending time [under Federal Rule of Civil Procedure 4(m)] is broad, a plaintiff's protracted and repeated requests for extension of time must end somewhere, for "no court has ruled that the discretion is limitless."). Thus, the Court will not continue this action and/or stay this action to issue a ruling on Defendants' motion which has been pending since May 2016. It is Plaintiff's responsibility, not that of the Court, to prosecute this action and move it forward. In the interest of justice, the Court will grant Plaintiff until **January 6, 2017**, to file an opposition, and no further extensions of time will be granted absent extraordinary circumstances, not present here.

IT IS SO ORDERED.

Dated: **December 8, 2016**

UNITED STATES MAGISTRATE JUDGE