1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   KAJAUNA KENYATTA IRVIN,              )   Case No.: 1:10-cv-01940-DAD-SAB (PC)
                                          )
12                  Plaintiff,            )
                                          )   ORDER DENYING PLAINTIFF'S MOTION TO
13          v.                            )   STAY THE PROCEEDINGS, DENYING MOTION
                                          )   FOR APPOINTMENT OF COUNSEL, AND
14   JAMES A YATES, et al.,               )   DENYING REQUEST TO FURTHER EXTEND
                                          )   THE DEADLINES
15                  Defendants.           )
                                          )   [ECF No. 166]
16   _____ )

17          Plaintiff Kajauna Kenyatta Irvin is appearing pro se in this civil rights action pursuant to 42

18   U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The case

19   was removed from state court on October 14, 2010.

20          Currently before the Court is Plaintiff's motion to stay the proceedings and for appointment of

21   counsel, filed June 13, 2017.

22          **A.      Motion for Appointment of Counsel**

23          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

24   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

25   plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

26   District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court

27   may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at

28   1525.

                                                      1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court does not find the required exceptional circumstances, as Plaintiff has failed to demonstrate a likelihood of success on the merits or that he is unable to sufficiently articulate his claims. Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

**B.  Motion to Stay**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that a stay is not warranted in this case. While Plaintiff may be suffering from certain physical limitation, such limitations do not support the finding that Plaintiff is unable to prosecute his case. The Court has previously granted Plaintiff several previous extensions of time to comply with the applicable deadlines, and there is no current deadline pending. Indeed, the filing of the instant motion indicates that Plaintiff is able to litigate this action.

///

///

///

2

### C. Motion to Further Extend Deadline

To the extent Plaintiff seeks a further extension of time to oppose Defendants' pending motion for summary judgment, his request must be denied.

On January 17, 2017, the Court denied Plaintiff's fourth motion for an extension of time to file an opposition, noting that Plaintiff has failed to demonstrate extraordinary circumstances despite having been granted three prior extensions. In the interest of justice and based on Plaintiff's representation that his opposition would be complete and mailed by January 23, 2017, the Court extended the deadline to January 23, 2017.

Now almost five months later, Plaintiff has failed a motion to stay and request for appointment of counsel claiming that was unable to comply with the Court's deadline. Plaintiff contends that he "was unable to meet the courts 1-23-2017 deadline [ECF No. 163] due to severe pain, discomfort and mobility limitation of my right arm; affecting my ability to write or even lift objects with my dominant right hand. Additionally, I had no Law Library access from 1-23 through on or about 2/5 or 2/8/2017, and no one to assist me or write or type my legal work." (Mot. at 5:2-6.) Plaintiff contends that he was unable to respond to Defendant Guthery's February 10, 2017, joinder in the pending motion for summary judgment filed by the other Defendants. Plaintiff submits that on April 24, 2017, he had surgery to repair his rotator cuff and bicep, and on May 18, 2017, he was medically transferred to Natividad Medical Center due to an infection. (Id. at 5.) Plaintiff was discharged on May 23, 2017. On June 2, 2017, Plaintiff was transported to San Joaquin Hospital for follow-up. (Id.)

As just stated, the firm deadline to respond to Defendant's pending motion for summary judgment expired on January 23, 2017, which provided Plaintiff with over eighth months to respond to the motion. In addition, any opposition to Defendant Guthery's joinder motion was due on or before March 3, 2017. See Local Rule 230(l) (oppositions, if any, shall be filed within twenty-one days from the date of service of the motion).

Federal Rule of Civil Procedure 6 provides that, if a motion to extend is made after a deadline has expired, the motion to extend may only be granted "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party's failure to meet a deadline constitutes "excusable neglect", the Court considers four factors: 1) the danger of prejudice to the

opposing party; 2) the length of delay and its potential impact on the proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant; and 4) whether the movant acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (Pioneer), 507 U.S. 380, 391 (1993).

Plaintiff has failed to demonstrate "excusable neglect" to warrant a further extension of time in case. Although Plaintiff contends that he was suffering from pain, he cites medical conditions which arose well after the applicable deadlines in this case, and the Court cannot and will not continue to extend the deadlines for Plaintiff to await a response despite the fact that Plaintiff has previously had several months to file an opposition. Plaintiff has failed to demonstrate due diligence on his part in comply with the Court's January 23, 2017, deadline and deadline to file an opposition, if any, to Defendant Guthery's joinder motion. Indeed, any opposition to Defendant Guthery's joinder motion would be virtually identical to the opposition filed to other Defendants' motion because the motion is based on the same arguments. Defendants will be prejudiced by further delay as their motion for summary judgment has been pending since May 2016, and in the interest of judicial economy the Court must attempt to resolve cases in an efficient manner. While Plaintiff's circumstances are unfortunate, Plaintiff has failed to set forth any efforts on his part to attempt to comply with the Court's prior deadlines and any other applicable deadlines as imposed by Local Rule 230(l). Indeed, Plaintiff submits that he sought assistance by a fellow inmate in drafting the present motion, yet Plaintiff provides no indication that he previously sought and was unable to obtain assistance in order to timely litigate this matter. Although the Court cannot say that Plaintiff has necessarily acted in bad faith, however, based on consideration of the other Pioneer factors, Plaintiff's motion must be denied. Plaintiff's present motion simply does not support a finding of excusable neglect and must be denied.

///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

    1.      Plaintiff's motion to stay the proceedings is denied;

    2.      Plaintiff's motion for appointment of counsel is denied, without prejudice; and

    3.      Plaintiff's motion for an extension of time is denied.

IT IS SO ORDERED.

Dated:   **June 20, 2017**

UNITED STATES MAGISTRATE JUDGE